**VIRGINIA: IN THE CIRCUIT COURT FOR THE CITY OF NEWPORT NEWS**

DEANGELO OSBORNE,

Plaintiff,

v.

Action No. ___________________
Trial by Jury is hereby demanded

JANE DOE, AS UNKNOWN
EMPLOYEE OF THE FRESH MARKET, INC.,

and

THE FRESH MARKET, INC.
SERVE: Corporate Creations Network, Inc., Registered Agent
425 W. Washington Street, Suite 4
Suffolk, VA 23434

Defendants.

**COMPLAINT**

COMES NOW Plaintiff Deangelo Osborne, by counsel, and moves for judgment against Defendants Jane Doe and The Fresh Market, Inc., on the grounds and in the amount as hereinafter set forth:

1. Plaintiff Deangelo Osborne ("Plaintiff" or "Osborne") is a resident of Hampton, Virginia, whose mailing address is 118 Culotta Drive, Hampton, Virginia 23666.

2. Defendant The Fresh Market, Inc. ("Fresh Market") is a corporation organized and existing under the laws of the State of North Carolina and licensed to do business in the Commonwealth of Virginia.

3. Defendant Fresh Market holds itself out as a national supermarket chain of stores with locations in the city of Newport News and elsewhere and invites members of the general public to its premises for Defendant's own benefit.





4. At all times pertinent hereto Defendant Fresh Market operated a retail grocery store at 12131 Jefferson Avenue, Newport News, Virginia 23602.

5. At the pertinent times mentioned herein, Defendant Jane Doe was a servant, employee, agent or representative of Defendant Fresh Market., as if fully and separately set out elsewhere herein; and, at all times and in all things described was acting within the scope of her employment; and insofar as a master is liable for the negligent acts and omissions of her servant, each and every allegation and representation made herein against Defendant Jane Doe shall be deemed to likewise be made against Defendant Fresh Market., as if fully set out separately; and the term "Defendant" as used herein, shall be taken to mean Jane Doe and Fresh Market, jointly and severally, unless otherwise stated.

6. On or about Sunday, May 31, 2020, Plaintiff entered the premises of the Fresh Market store located at 12131 Jefferson Avenue, Newport News, Virginia 23602, Virginia, therein to transact the business for which Defendant Fresh Market invites the general public, and for the benefit of Defendant Fresh Market.

7. At the time and place aforesaid, Defendant Jane Doe, an employee of Defendant Fresh Market, was working in the checkout line, ringing up customer's purchases, bagging said items, and taking payment from customers.

8. Unlike many supermarkets, in which the customer unloads his or her items from their shopping cart onto a conveyer belt, at Fresh Market the checkout employees take the customer's shopping cart, unload the items from the cart, ring up the items, and place the items back in the cart on the side of the aisle where the customer is.

9. While in the business premises in the checkout line, Plaintiff was struck by a shopping cart negligently and/or carelessly handled by Jane Doe while in the performance of her

duties as an employee of Fresh Market.

10. Defendant Fresh Market then and there had a duty to train and supervise its employees in the safe performance of their duties.

11. Notwithstanding its aforesaid duties, upon information and belief, Defendant Fresh Market was negligent in that Defendant Fresh Market also breached its duty to properly train Defendant Jane Doe, and by its breach of that duty caused damages in the form of personal injuries to Plaintiff Osborne.

12. As a direct and proximate result of Defendants' negligent acts and omissions, Plaintiff suffered serious and permanent physical injuries and pecuniary loss; was prevented from transacting his business; was prevented from partaking in his usual and customary social and leisure activities; has suffered and will continue to suffer in the future great pain of body, mind, emotional and mental anguish, loss of sleep, loss of appetite, and loss of enjoyment of life; has suffered and will suffer in the future disability, deformity, and loss of earning capacity; and has incurred and will incur in the future medical, doctor, hospital and related bills in an effort to be cured of his injuries or to mitigate the effects thereof.

13. Plaintiff here repeats and re-alleges paragraphs one through eight, above, as if fully set out here and further represents:

WHEREFORE, Plaintiff Deangelo Osborne demands judgment against the Defendant Jane Doe and Defendant The Fresh Market, Inc., jointly and severally, in the amount of one hundred ninety-nine thousand nine hundred fifty dollars ($199,950.00), interest thereon at the legal rate from May 31, 2020, the date upon which this cause of action arose, his costs expended herein, and any and all other relief to which he is by law entitled and which to this court may deem meet.

DEANGELO OSBORNE

By: ______________________________
Counsel

Stephen F. Forbes, Esq.
Virginia Bar # 21972
FORBES & BROADWELL
606 Aberdeen Road
Hampton, Virginia 23661
(757) 825-8835-Office
(757) 825-8978-Fax
sforbes@forbesbroadwell.com
*Counsel for Plaintiff*

CERTIFICATE OF SERVICE

I certify that on the 5th date of April 2022, a copy of the foregoing was mailed to:

THE FRESH MARKET, INC.
Corporate Creations Network, Inc
425 W. Washington Street, Suite 4
Suffolk, VA 23434
*Registered Agent for Defendant The Fresh Market, Inc.*

Stephen F. Forbes, Esq.

**VIRGINIA: IN THE CIRCUIT COURT FOR THE CITY OF NEWPORT NEWS**

DEANGELO OSBORNE,

Plaintiff,

v.

Action No. ________________
Trial by Jury is hereby demanded

JANE DOE, AS UNKNOWN
EMPLOYEE OF THE FRESH MARKET, INC.,

and

THE FRESH MARKET, INC.
SERVE: Corporate Creations Network, Inc., Registered Agent
425 W. Washington Street, Suite 4
Suffolk, VA 23434

Defendants.

**REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT THE FRESH MARKET, INC.**

In accordance with Rule 4:9 of the Rules of Court you are requested to produce the following items within twenty-eight (28) days at the office of Stephen F. Forbes; each of the items, unless otherwise stated, concern the incident which is the basis of the Complaint in this matter.

"Documents" shall mean, unless otherwise indicated, all written or recorded material of any kind or character, in your possession or custody or subject to your control, or the control of your agent (including your insurance company), or your attorney, including, without limitation, letters, correspondence, telegrams, memoranda, reports, records, minutes, notes, contracts, agreements, files, account books, notations of telephone or personal conversations or conferences, bulletins, circulars, pamphlets, books, any material on which writing appears or from which data compilations can be made, ledgers, drawings, sketches, catalogs, checks, check

stubs, photographs, video recordings, audio recordings, microfilm, photostats, computer print-outs, as well as each copy of the documents where such copy is not identical to the original.

**REQUESTS FOR PRODUCTION**

1. Copies of any photographs, videos, or other video taken on May 31, 2020, in the Fresh Market store located at 12131 Jefferson Avenue, Newport News, Virginia 23602.

RESPONSE:

2. All written or transcribed statements from any person having knowledge of the occurrence.

RESPONSE:

3. Copies of the declaration page of any and all insurance policies (liability and/or medical payments) which might provide coverage for this accident.

RESPONSE:

4.. Copies of the incident report and accident report relating to Plaintiff's injury on May 31, 2020, at the Fresh Market store located at 12131 Jefferson Avenue, Newport News, Virginia 23602.

RESPONSE:

DEANGELO OSBORNE

By: ______________________
Counsel

**CERTIFICATE OF SERVICE**

I certify that on the 5th date of April 2022, a copy of the foregoing was mailed to:

THE FRESH MARKET, INC.
Corporate Creations Network, Inc
425 W. Washington Street, Suite 4
Suffolk, VA 23434
*Registered Agent for Defendant The Fresh Market, Inc.*

Stephen F. Forbes, Esq.

**VIRGINIA: IN THE CIRCUIT COURT FOR THE CITY OF NEWPORT NEWS**

**DEANGELO OSBORNE,**

**Plaintiff,**

**v.**

**Action No. __________________**
**Trial by Jury is hereby demanded**

**JANE DOE, AS UNKNOWN EMPLOYEE OF THE FRESH MARKET, INC.,**

**and**

**THE FRESH MARKET, INC.**
**SERVE: Corporate Creations Network, Inc., Registered Agent**
**425 W. Washington Street, Suite 4**
**Suffolk, VA 23434**

**Defendants.**

**INTERROGATORIES TO DEFENDANT THE FRESH MARKET, INC.**

Plaintiff, Deangelo Osborne, by and through Stephen F. Forbes undersigned attorney, propounds the attached Interrogatories to Defendant The Fresh Market, Inc., to be answered in writing, under oath, within twenty-eight (28) days pursuant to Rule 4:8 of the Supreme Court of Virginia. These interrogatories and document requests are subject to the following definitions and instructions:

I. **DEFINITIONS AND INSTRUCTIONS**

A. Definitions – As used herein:

1. "Document" means all tangible sources of information, including but not limited to: (1) the original and any non-identical copy (whether different from the original because of handwritten notes or underlining made thereon, attachments affixed thereto, or otherwise) or drafts thereof, of any handwritten, typewritten, printed, recorded or graphic matter,

however produced or reproduced, including but not limited to charts, files, computer data and/or tapes, reports, memoranda, notes, minutes, letters, and other correspondence, testimony, summaries, abstracts, studies, surveys, graphs, statistics, tables, forms, work papers, logs, indexes and drafts; and (2) any mechanical, magnetic, or electronic or other recordings of any voice, sound, image or data including, but not limited to, photographs, microfilms, and any other data compilation in the possession, custody or control of you wherever located.

2. "You" or "your" also includes your agents and representatives.

3. "Identify" when used in reference to a natural person, means to state that person's full name and "nickname", if applicable, and present or last known residence address, home telephone number, Social Security number, business address, business telephone, and business affiliation and position.

4. "Identify" when used in reference to any entity other than a natural person, means: (1) to state the full name under which it does or did business, its present or last known mailing address, and the address of its principal place of business, and (2) the proprietors, partners, stockholders or other persons that hold any ownership interest in it or who exercise any decision-making role with respect to its business affairs.

5. "Identify" when used in reference to a document means: (1) to state the type of document (e.g. letter, memorandum, telegram), the date it bears or, if it bears no date, the date on which it was created or received, its present location, and if the document was, but is no longer in your possession or custody or subject to your control, the disposition that was made of it, the date thereof and the reason therefore: and (2) to identify its custodian, author, addressees and each recipient of the original or any copy. To the extent that the document on its face is self-identifying, producing the document will satisfy an instruction to identify it.

2. The answer to each interrogatory shall include such knowledge or information as is within your possession, custody or control, including but not limited to knowledge, information and documents in the possession, custody or control of your attorneys or other agents.

3. Each interrogatory is to be answered separately and completely in writing under oath. If an answer depends upon the knowledge of a person other than the person signing the responses, each such person supplying the information should be identified in the answer.

4. The full text of the interrogatory (or part thereof) to which any answer is intended to respond is to be restated immediately preceding such answer.

5. If, at any time, you obtain knowledge that the answer given in response to any interrogatory was not true and correct when given, a statement under oath consisting of the true and correct answer to such interrogatory shall be promptly provided.

6. If you cannot answer a particular question in full, after exercising due diligence to secure the information to do so, so state and answer to the extent possible, specifying your inability to answer the remaining and stating whatever information or knowledge you have concerning the unanswered portions.

7. You have a duty to supplement your answers hereto in accordance with Rule 4:1 (e) of the Rules of the Supreme Court of Virginia.

II. **CLAIM OF PRIVILEGE AND/OR OBJECTIONS**

If you contend that the response to any interrogatory or document request is privileged in whole or in part, or otherwise object to any part of any interrogatory or document request, you must in writing under oath: (1) state in detail the reasons for such objections or ground for exclusion: (2) identify each person having knowledge of the factual basis, if any, on which the

privilege or other grounds is asserted; and (3) if only part of the interrogatory or document request is objected to, respond to the remaining portion.

**INTERROGATORIES**

1. To the individual answering these Interrogatories, please identify yourself by stating your full name, residential and business addresses, telephone number, and occupation, and, if defendant is a corporation, please state the office or your employment status you hold with defendant.

ANSWER:

2. (a) State the full name, address, phone number, current employer, and current job title of the most knowledgeable person about this case. (b) State the full name, address, phone number, current employer, and current job title of the Fresh Market store manager(s) at the store located at 12131 Jefferson Avenue, Newport News, Virginia 23602 at the time of the incident.

ANSWER:

3. Identify all employees, including but not limited to any managers or supervisors, who worked at the Fresh Market store in question on May 31, 2020, providing their names, current phone numbers and current addresses.

ANSWER:

4. Provide the name, address and telephone number of the checkout/cashier employee involved in the incident on May 31, 2020, which forms the basis of this Complaint.

ANSWER:

DEANGELO OSBORNE

By: ______________________
Counsel

Stephen F. Forbes, Esq.
Virginia Bar # 21972
FORBES & BROADWELL
606 Aberdeen Road
Hampton, Virginia 23661
(757) 825-8835-Office
(757) 825-8978-Fax
sforbes@forbesbroadwell.com
*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I certify that on the 5th date of April 2022, a copy of the foregoing was mailed to:

THE FRESH MARKET, INC.
Corporate Creations Network, Inc
425 W. Washington Street, Suite 4
Suffolk, VA 23434
*Registered Agent for Defendant The Fresh Market, Inc.*

Stephen F. Forbes, Esq.